UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD E. PROCTOR, JR.,

       Plaintiff,

  -v-

SHERIFF JAMES VOUTOUR et al.,

       Defendants.
_____

15-CV-1057V
ORDER

       Plaintiff Ronald E. Proctor, Jr., a prisoner confined at the Niagara County Jail, submitted to this Court a *pro se* complaint asserting claims under 42 U.S.C. §§ 1983 and 1985.  The plaintiff did not pay the filing fee or submit a motion requesting permission to proceed *in forma pauperis* (that is, as someone who should have the ordinary filing fee waived because he or she cannot afford to pay it).

       As set forth below, the Clerk of Court is ordered to administratively terminate this action.  If the plaintiff wishes to re-open this case, he must notify this Court in writing within 30 days of the date of this Order.  The plaintiff's notification must include either (1) a properly supported motion to proceed *in forma pauperis* along with the required certification of the plaintiff's inmate trust fund account and authorization form, or (2) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total).

1

## **DISCUSSION**

A party commencing a civil action in this Court ordinarily must pay a $350 filing fee as well as a $50.00 administrative fee.[1]  *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[2] Western District of New York, District Court Schedule of Fees.[3]  If a "prisoner" (as defined in 28 U.S.C. § 1915(h)) wishes to commence a civil action, the prisoner must either (1) pay those fees or (2) obtain permission to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), which amended 28 U.S.C. § 1915, established certain requirements that a prisoner must meet in order to proceed *in forma pauperis*.  Those requirements are summarized below.

### **Requirement for a Supporting Affidavit**

Under 28 U.S.C. § 1915(a)(1), a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit that details the prisoner's assets and liabilities and swears under oath that the prisoner is unable to pay the $350.00 filing fee.  A motion to proceed *in forma pauperis* should be supported by such an affidavit filed at the same

---

[1] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court.  *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at <http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us>.  This additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*.  *See generally id*.

[2] Available at <http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule>.

[3] Available at <http://www.nywd.uscourts.gov/fee-schedule>.

time as the complaint. The Court has made available a form motion to proceed *in forma pauperis* with supporting affidavit[4] that is designed to help *pro se* litigants (such as the plaintiff here) comply with 28 U.S.C. § 1915(a)(1).

### Requirement for Certification of Inmate Trust Fund Account

Under 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed *in forma pauperis* also must submit a certified copy of the prisoner's inmate trust fund account statement (or an institutional equivalent) for the six months immediately before the filing of the prisoner's complaint. A prisoner must obtain this certified account statement from the appropriate official at each correctional facility where the prisoner was confined during that six-month period. *See* 28 U.S.C. § 1915(a)(2). Alternatively, a prisoner may have prison officials complete and sign the "Prison Certification Section" of the Court's form motion referred to above. *See* note 4, above. The "Prison Certification Section" requires prison officials to provide the information in the prisoner's trust fund account statement, as required by 28 U.S.C. § 1915(a)(2).

### Requirement for Authorization Form

A prisoner seeking to proceed *in forma pauperis* also is required to submit a signed authorization form,[5] permitting the institution in which the prisoner is confined to pay – over time, if necessary – the $350.00 filing fee from the prisoner's trust fund account (or institutional equivalent). *See* 28 U.S.C. § 1915(b)(1)-(4). In other words,

---

[4] The Court has ordered that a form motion to proceed *in forma pauperis* with supporting affidavit be mailed to the plaintiff. The form also is available at <http://www.nywd.uscourts.gov/pro-se-forms>.

[5] The Court has ordered that an authorization form be mailed to the plaintiff. The form also is available at <http://www.nywd.uscourts.gov/pro-se-forms>.

even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full $350.00 filing fee in installments. *See* 28 U.S.C. § 1915(b)(1)-(2). The initial payment will be 20% of the average monthly deposits to the prisoner's account or 20% of the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *See* 28 U.S.C. § 1915(b)(1). For each month after that, as long as the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner will assess, deduct from the prisoner's account, and forward to the Clerk of Court an installment payment equal to 20% of the preceding month's income that was credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). Those payments continue until the $350 fee is paid in full. *Id.*

### Administrative Termination of this Action

Here, the plaintiff did not pay the $350.00 filing fee or the $50.00 administrative fee that ordinarily is required to commence a civil action. Nor did the plaintiff submit a motion to proceed *in forma pauperis*, an affidavit swearing that he is unable to pay a $350.00 filing fee, *see* 28 U.S.C. § 1915(a)(1), a certification of his inmate trust fund account, *see* 28 U.S.C. § 1915(a)(1)-(2), or an authorization form. *See* 28 U.S.C. § (b)(1)-(4). Therefore, the Clerk of Court shall administratively terminate this action[6] without filing the complaint or assessing a filing fee, as ordered below. As also ordered

---

[6] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations. Therefore, if the case is re-opened pursuant to the terms of this Order, it is not subject to the statute of limitations time bar if it had originally been timely filed. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 163 (7th Cir. 1995).

below, the plaintiff is granted leave to move to re-open this action no later than thirty days from the date of this Order.

### Deferment of Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A

This Court is required to screen civil actions filed by prisoners and dismiss them if they: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; see also 42 U.S.C. § 1997e(c) (dismissal of prisoner actions brought with respect to prison conditions).  Because the plaintiff did not properly commence this action, this Court will defer the mandatory screening process until this case is re-opened – if it is in fact re-opened.  If this action is re-opened and then dismissed, installment payments of the filing fee pursuant to 28 U.S.C. § 1915 will not be suspended, and the prisoner will not be permitted to obtain a refund of the filing fee or any part of it that already has been paid.

Additionally, if a prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed because it was frivolous or malicious, or because it failed to state a claim upon which relief may be granted, he or she cannot bring another action *in forma pauperis* unless he or she is "under imminent danger of serious physical injury."  See 28 U.S.C. § 1915(g).

### **ORDER**

Based on the above,

IT IS HEREBY ORDERED that the Clerk of Court shall administratively terminate this action, without filing the complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of Court is directed to send to the plaintiff a form motion to proceed *in forma pauperis* with supporting affidavit and prisoner authorization form; and it is further

ORDERED that if the plaintiff wishes to re-open this action, he shall so notify the Court, in writing, no later than **thirty days from the date of this Order**.  This writing must include either (1) a properly supported motion to proceed *in forma pauperis* along with the required certification of the plaintiff's inmate trust fund account and authorization form, or (2) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total); and it is further

ORDERED that upon the plaintiff's submission of either (1) a motion to proceed *in forma pauperis* along with the required certification of the plaintiff's inmate trust fund account and authorization form, or (2) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total), the Clerk of Court shall re-open this case.

SO ORDERED.

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

DATED:   February 17, 2016
             Buffalo, NY